FURNEY CONDREY, use of Anson S. Andrews, plaintiff in error, *vs.* JOHN WEST, defendant in error.

*Error to Knox.*

Where the name of an obligee is stricken from a bond, and another name is inserted in its stead, it becomes a new agreement.
In a purchase of land, where a party obtains from a vendor all the title the vendor agreed to give, he cannot plead a want of consideration to an action brought on the obligations of the vendee, given for the purchase money.

This was an action of assumpsit, brought on a promissory note, executed by West to Condrey, for $139 75.

To the action defendant pleaded: 1. Non-assumpsit, on which issue was joined. 2. That the note was made without any consideration whatever; which 2d plea was withdrawn by the defendant. 3. To the first and second counts, which were upon the same note, that at the time of the execution of the note, (February 18, 1848,) the plaintiff claimed to be seized in equity of a certain tract of land, under an agreement in writing, with one Ellis B. George, (of which agreement profert was made) by which George covenanted, by a good and lawful deed, well and sufficiently to grant, convey and assure to the plaintiff, his heirs and assigns, in fee simple, clear of all incumbrances, the said tract of land, on or before the 24th October, 1848; that on said 18th February, the plaintiff bargained and sold the said tract of land, by a parol agreement, and with the assent of George, to the defendant, which was the consideration of the note; and that as a part of the said agreement of bargain and sale between the plaintiff and defendant, it was agreed, with the assent of George, that the plaintiff's name in the agreement between the plaintiff and George, should be erased, and the defendant's name inserted as a party to the said agreement last mentioned, in the room and place of the plaintiff; which was done accordingly. And the defendant averred that the land

was not, on the 24th day of October, 1846, (the date of the agreement between the plaintiff and George) clear of all incumbrances, but that there then was, and ever since has been, and now is, a valid and permanent outstanding title to said land in one Therial; and so he says the consideration of the note has wholly failed. To this plea there was a demurrer. The demurrer was overruled, and judgment rendered thereon for the defendant. To reverse this judgment, this writ of error is prosecuted.

This cause was heard before Minshall, Judge, at October term, 1849.

C. B. LAWRENCE, for plaintiff in error :

Here was no want or failure of consideration. The possession of lands, or a claim of title to real estate, may be the subject of sale, and is a good consideration to support a promise. Doyle vs. Knapp, 3 Scam., 338. Where there is neither fraud or warranty on the part of the vendor, the vendee cannot recover back the purchase money. Doyle vs. Knapp, 3 Scam., 333 ; Owings vs. Thompson, ibid, 505. A plea of failure of consideration in cases of this sort is allowed, in order to avoid circuity of action. Frisbee vs. Hoffnagle, 11 J. R., 50 ; McAllister vs. Reab, 4 Wend., 490, and cases there cited; also, Duncan vs. Charles, 4 Scam., 568. If West had paid these notes, he would have no cause of action against Condrey. The inference is unavoidable, that he cannot set up this defence to Condrey's action against him.

J. MANNING, on the same side, argued :

1. Whatever is necessary to constitute the ground of defence, must be stated in the plea, and the plea must be taken most strongly against the pleader. 1 Chit. Pl., 195, 217 ; 7 Bouv. Bac. Abr., 495, title, "Pleas and Pleading ;" Co. Lit., 303. 2. The third plea does not show that Condrey warranted, in any manner, the title to the land sold by him to West, and under the rule above stated, the presumption is that it was a sale without fraud or warranty. In which case the vendee takes the title at his own risk. Breese, 270 ; Doyle et al. vs. Knapp, 3 Scam., 338. Wherefore the plea is bad. 3. The third plea shows that Condrey, as the consideration of the note on which suit is

brought, gave up his contract with George to West, which was a good consideration for the note. Price *vs.* Seaman, 10 Eng. Com. Law, 400. And in the absence of any averment to the contrary, West must be presumed to have taken the contract from George, at his own risk; which also renders the plea bad. 4. But there was a transfer of Condrey's interest in the land, as shown by the third plea, by substituting West "in the room and place" of George, in the original agreement between Condrey and George, with George's assent; which transferred Condrey's interest in the land as effectually as could have been done by deed; which interest, as the plea shows, was all that Condrey sold, and this was done without fraud or warranty of title. So that, unless the Court can presume fraud or warranty, where none is alleged by the pleader, the third plea is bad in substance. 5. The third plea shows that the note was executed, and West substituted for Condrey in the original agreement, on the 18th February, 1848, while by that agreement no deed was to be executed by George, until the 24th October, 1848. The substitution of West for Condrey was in effect a recision of the old agreement, and a making of a new agreement. So there was no breach of the agreement between George and Condrey, nor of that between Condrey and West, but only of that between West and George: for George had until the 24th day of October, 1848, to execute the deed and remove the incumbrance. Trask *vs.* Vinson, 20 Pick., 109–10; Smith *vs.* Haynes, 9 Greenleaf, 128. 6. The third plea does not state the terms of the contract between Condrey and West, and is therefore bad on demurrer. Wagy *vs.* Lane, 3 Scam., 237. 7. The third plea shows that the note sued on was given for the purchase of land, without any agreement on the part of the vendor that the title was good; and in such case the failure of title is no defence in an action on the note. Owings *vs.* Thompson, 3 Scam., 502. 8. The third plea is insufficient in not showing whether a deed had ever been executed by George to West, conveying the tract of land for the sale of Condrey's interest, in which the note in suit was given. Merriweather *et al. vs.* Smith, 2 Scam., 30; Merriweather *vs.* Gregory, 2 Scam., 50. 9. It is apparent from the third plea that the consideration of the note was the giving up by Condrey all the rights which he had under the contract with George, and a re-execution (6

Rand., 86; 6 Cow., 59; 2 Greenleaf, 582,) of the same contract, by which those rights became vested in West. The contract between West and George was substituted for the contract between Condrey and George. Condrey has now no remedy against George on the original contract; all which he has for his rights under that contract is the note sued on. Now, either West is a party to the contract with George, as a trustee, or he is occupying the place of a party to that contract which ought to be occupied by West. If as a trustee, he cannot make this defence until he has sought a remedy for Condrey's benefit for a breach of that contract; if otherwise than as trustee, then he cannot make this defence until he has restored, or at least offered to restore, Condrey to those rights which Condrey had under that contract, and which he parted with to West as the consideration of this note. And this plea does not show that he has done any of these things. The plea is of a failure of consideration, which presupposes that the consideration was originally good. West now stands in the attitude of refusing to pay the note, and at the same time of refusing to restore the consideration of the note to the plaintiff. He will have his remedy on the contract against George, but he will *not* pay the note which he gave for that contract. 10. This is not the case of a parol contract for the purchase of land. A parol contract, it is true, was entered into between Condrey and West, but the written evidence of that contract was executed between George and West. The parol contract was executed by the re-execution of the original agreement, and the statute of frauds does not apply to such a case. 4 Pick., 188.

R. S. BLACKWELL, for defendant in error :

The third plea is a good bar under our statute. Tyler *vs.* Young, 2 Scam., 444; Frisbie *vs.* Hoffnagle, 11 John. R., 50; Rice *vs.* Goddard, 14 Pick. R., 293 ; Tillotson *vs.* Grapes, 4 N. H. R., 444; Gray *vs.* Handkinson, 1 Bay. R., 278.

E. N. POWELL, with BLACKWELL :

1. In an action upon a promissory note, given for the price of land to which the vendee received a bond for a title, to be made when the notes were paid : held that the vendee might show a failure of consideration, by showing want of title in the

vendor. Peques *vs.* Mosley *et al.*, 7 S. & M., 340; Mason *vs.* Wait, 4 Scam., 127, 135; 11 John., 50; 4 New Hamp., 444; Cook *vs.* Mix, 11 Conn., 432; 14 Pick., 293. 2. And where the payment of a note, given for the purchase of land, is made a condition precedent to the conveyance, a plea to an action on such note, which avers that the vendor, neither at the time when the contract was entered into, nor when the conveyance was to be made, nor since, has had title, is a good defence to the action. Gregory *vs.* Scott; 4 Scammon, 392; Tyler *vs.* Young, 2 Scammon, p. 445; Gray *vs.* Handkinson, 1 Bay's, 278; 4 Wendell, 483; 22 Pick., 166; 4 Scam., 561; 2 McLean, 464. 3. The bond referred to in the plea, and made a part thereof, and the note sued on, are to be taken as one transaction. By the bond, it will be seen that the conveyance was to be made before the note was to be paid. This makes it a condition precedent on the part of the plaintiff, who stands in the place of the obligor in the bond, to show a conveyance before a suit can be maintained on the note. Green *vs.* Reynolds, 2 John., 207; Van Benthuyson *et al. vs.* Crapser, 8 ibid, 257; Hunt *vs.* Livermore, 5 Pick., 395; Stone *vs.* Fowle *et al.*, 22 Pick., 166; Duncan *et al. vs.* Charles, 4 Scam., 561.

A. WILLIAMS, in reply:

All the defendant claims to have bought was an equity. He has got what he bought. The substitution of West's name in the bond from George made the bond a new bond, from George to West, and gave to West precisely what he contracted for—the interest then held by Condrey in the land.

Opinion by Mr. Justice CATON:

The declaration counts on two promissory notes. The third plea of the defendant says, that the plaintiff held a written agreement of one George, for a deed of certain premises, which, by a parol agreement with the assent of George, he sold to the defendant; which sale was the consideration for which said notes were given. That it was a part of said parol agreement, that the name of the plaintiff should be erased from said written instrument, and the name of the defendant inserted as purchaser; which, with the assent of George, was done. The plea then avers that George has no title, and so the consideration of the

notes has failed. A demurrer was overruled to this plea, and this presents the only question for our consideration.

We cannot hesitate to pronounce this plea obnoxious to the demurrer. As between the plaintiff and defendant, the agreement was completely executed. The defendant acquired all the title which the plaintiff had, or pretended to have, or assumed to sell. In pursuance of the agreement for which the notes were given, the defendant became legally entitled to demand the deed of George. The transaction is the same as if the plaintiff had assigned the agreement for the deed to the defendant. The plaintiff transferred his equitable title, such as it was, to the defendant, precisely as he had agreed. The defendant got all that he bargained for with the plaintiff, who in no way assumed that George should perform his agreement, by the conveyance of a good title. For that, defendant must look to George alone. He should have secured a guaranty from the plaintiff, if he intended to hold him responsible for the performance of the undertaking of George.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded.

*Judgment reversed.*